UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

---------------------------------------------------------------- X

**IN RE YASMIN AND YAZ (DROSPIRENONE) MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION**

3:09-md-02100-DRH-PMF

MDL No. 2100

----------------------------------------------------------------

**Judge David R. Herndon**

**ORDER**

*Zarlengo et al v. Bayer Healthcare Pharmaceuticals Inc. et al* **No. 3:14-cv-10225-DRH-PMF**[1]

## ORDER DISMISSING WITHOUT PREJUDICE

**HERNDON, District Judge:**

This matter is before the Court on the defendant's (Bayer HealthCare Pharmaceuticals Inc.) motion, pursuant to Case Management Order 12 ("CMO 12")[2] for an order of dismissal, without prejudice, of the specified plaintiffs' claims (Pamela Singleton and Michelle Gomez) in the above captioned case for failure to comply with Plaintiff Fact Sheet ("PFS") obligations. For the reasons discussed herein the motion is **GRANTED**. The claims of Pamela Singelton and Michelle Gomez are dismissed without prejudice. **FURTHER,** as all other plaintiffs have previously been dismissed, the **Court instructs the Clerk of the Court to close the above captioned case**.

---

[1] This Order applies to plaintiffs Pamela Singleton and Michelle Gomez only.
[2] The parties negotiated and agreed to CMO 12, which expressly provides that the discovery required of plaintiffs is not objectionable. CMO 12 § A(2).

On June 23, 2015, the Court granted plaintiffs' counsel's motion to withdraw as counsel of record (Doc. 15). In that order, in addition to granting leave to withdraw, the Court ordered as follows:

1. **Supplementary Entry of Appearance:** Should plaintiff choose to continue pursuing this action, plaintiff or her new counsel **must file a supplementary entry of appearance within 21 days of the entry of this Order**. Failure to do so may result in dismissal for failure to prosecute.

2. **With regard to the pending motion to dismiss,** the Court will allow the plaintiff an extension to respond. **Plaintiff is ALLOWED until July 20, 2015 to respond to the pending motion to dismiss.** If plaintiff fails to respond her action will be subject to **dismissal without prejudice** in accord with CMO 12**.** Thereafter, if plaintiff fails to take the necessary action, the dismissal will be converted to a **dismissal with prejudice** in accord with CMO 12**.**

3. **Further, if after 21 days of the entry of this order, the plaintiff is otherwise not in compliance with the requirements any court rule or order (including applicable MDL case management orders), the plaintiff's action may be subject to dismissal, including dismissal WITH prejudice where appropriate.**

(Doc. 15) (emphasis in original).

The extended deadline for responding to the pending motion to dismiss has expired and the plaintiffs have failed to respond. The Court deems the plaintiffs' failure to timely respond as an admission of the merits of the pending motion to dismiss. *See* S.D. Ill. L.R. 7.1(c).

Under Section C of CMO 12, each plaintiff is required to serve defendants with a completed PFS, including a signed declaration, executed record release authorizations, and copies of all documents subject to the requests for production

contained in the PFS which are in the possession of plaintiff.  Section B of CMO 12 further provides that a completed PFS is due "45 days from the date of service of the first answer to her Complaint or the docketing of her case in this MDL, or 45 days from the date of this Order, whichever is later."

Accordingly, the subject plaintiffs were to have served a completed PFS in March 2015. Notice of Overdue Discovery was sent on April 10, 2015. As of the filing of Bayer's motion to dismiss, Bayer still had not received completed PFS materials from the plaintiffs. Further, as noted above, the plaintiffs have failed to timely respond or cure the PFS deficiencies.

The Court finds that the plaintiffs have failed to comply with their PFS obligations under CMO 12.  Accordingly, the motion is **GRANTED**. The claims of Pamela Singelton and Michelle Gomez are dismissed without prejudice.

**FURTHER**, as all other plaintiffs have previously been dismissed, **the Court instructs the Clerk of the Court to close the above captioned case**.

**FURTHER,** the Court reminds plaintiffs that, pursuant to CMO 12 Section E, **unless they serve the defendants with a COMPLETED PFS or move to vacate the dismissal without prejudice within 60 days after entry of this**

**Order, the Order will be converted to a <u>Dismissal With Prejudice</u> upon defendants' motion**.

      **IT IS SO ORDERED.**

Signed this 22nd day of July, 2015.

Digitally signed by David R. Herndon
Date: 2015.07.22 12:56:57 -05'00'

**United States District Court**